# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50298 | **DATE** | 9/15/2011 |
| **CASE TITLE** | Hartford Casualty Insurance Company v. Foxfire Printing & Packaging, Inc. | | |

**DOCKET ENTRY TEXT:**

Defendants' motion to transfer venue [18] is denied. Defendant Foxfire's motion to dismiss for lack of jurisdiction [23] is denied.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Plaintiff, Hartford Casualty Insurance Company, filed a complaint requesting a declaratory judgment that the damages sought, or that might have been obtained, in the lawsuit entitled <u>Stonecrafters, Inc. v. Foxfire Printing & Packaging, Inc.</u> (N.D. Ill. No. 1:08-cv-06992) (the "Underlying Lawsuit"), are not covered under the insurance policies issued by plaintiff to Foxfire Printing & Packaging, Inc. ("Foxfire"), and that plaintiff has no obligation to defend or indemnify Foxfire in connection with the claims asserted against Foxfire in the Underlying Lawsuit. Plaintiff has named Foxfire and Stonecrafters, Inc. ("Stonecrafters") as defendants in this action. Currently before the court are defendants' joint motion to transfer venue and Foxfire's motion to dismiss for lack of personal jurisdiction. Based on the following rationale, both motions are denied.

### I. BACKGROUND

    Plaintiff is an Indiana corporation with its principal place of business in Connecticut. Stonecrafters is an Illinois corporation with its principal place of business in Illinois. Foxfire is a Delaware corporation with its principal place of business in Delaware. Plaintiff issued six multiple coverage part insurance policies to defendant Foxfire (the "Hartford Policies"), each for a period of one year, that collectively cover the time period of June 8, 2003 through June 8, 2009. By letter dated December 2, 2008, plaintiff advised Foxfire that plaintiff may not owe an obligation to defend or indemnify Foxfire under the Hartford Policies in connection with the allegations set forth in the Underlying Lawsuit, and that plaintiff would defend Foxfire in the Underlying Lawsuit pursuant to a full reservation of its rights under the Hartford Policies and law.

    In its complaint in the present action, plaintiff has requested declaratory judgment holding: (1) that the Hartford Policies do not provide any bodily injury or property damage liability coverage for the Underlying Lawsuit; and (2) that the Hartford Policies do not provide any personal and advertising injury liability coverage for the Underlying Lawsuit.

### II. DISCUSSION

#### A. Defendants' Motion to Transfer

| STATEMENT |
|---|

Defendants filed a joint motion to transfer this action, pursuant to 28 U.S.C. § 1404, to the United States District Court for the District of Delaware. Defendants contend that transfer is appropriate because (1) venue and jurisdiction are proper in the District of Delaware; and (2) transfer to the District of Delaware will serve the convenience of the parties, the convenience of the witnesses, and the interests of justice.

Defendants correctly state that plaintiff does not make any claim against, nor does plaintiff seek any relief from, Stonecrafters in its complaint. Defendants also correctly note that Illinois case law holds that in a declaratory judgment case brought by an insurer against the insured regarding the insurer's obligation to provide coverage, the plaintiff in the underlying action is a necessary party to the declaratory judgment case. See, e.g., M.F.A. Mut. Ins. Co. v. Cheek, 66 Ill. 2d 492, 495 (1977); Fathers of the Order of Mount Carmel, Inc. v. Nat'l Ben Franklin Ins. Co. of Ill., 697 F. Supp. 971, 973 (N.D. Ill. 1988). Contrary to plaintiff's representations, Stonecrafters appears to have no other interest in the action at hand, as it is not a party to the Hartford Policies, is not named as a beneficiary under any of them, and has never been assigned any rights to or interest in the Hartford Policies.

In its response to defendants' motion to transfer, plaintiff first asserts that transfer is improper because the District of Delaware does not have personal jurisdiction over Stonecrafters. In the alternative, plaintiff contends that even if venue were proper in Delaware as to both defendants, defendants have failed to establish that the balance of relevant factors, as discussed in detail below, strongly favors transfer.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Transfer of venue is appropriate where: (1) venue is proper in both the transferor and transferee court; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interests of justice. St. Paul Fire & Marine Ins. Co. v. Brother Int'l Corp., No. 3:05-cv-5484, 2006 WL 1543275, at *1 (N.D. Ill. June 2, 2006). Here, because the second element of the inquiry is determinative, the court will focus its analysis on whether venue and jurisdiction are proper in the District of Delaware.[1]

Defendants argue that as the party seeking transfer, Stonecrafters consents to personal jurisdiction in the District of Delaware and waives any objection it might otherwise have to proceeding in that district. Citing Hoffman v. Blaski, plaintiff counters that a transfer of venue pursuant to Section 1404(a) is prohibited if there is no personal jurisdiction over the defendant in the transferee venue, even if the defendant waives an objection to a lack of personal jurisdiction. 363 U.S. 335, 343-44 (1960). The court agrees. The Supreme Court ruled in Hoffman that the phrase "where it might have been brought" in Section 1404(a) cannot be interpreted to mean "where the case could be brought after the suit was initiated and with defendants' consent." Hoffman, 363 U.S. at 342-343. As such, a district court's power to transfer a case pursuant to Section 1404(a) does not depend upon whether the moving party consents to the transferee district and waives venue and personal jurisdiction defenses, but rather on respondents' ability to initiate suit in the transferee district. Id. at 343-44.

Stonecrafters' consent to personal jurisdiction in the District of Delaware is therefore immaterial as to whether venue is proper in Delaware. Rather, we must look to whether the District of Delaware had personal jurisdiction over Stonecrafters at the start of the action.

In the absence of a federal statutory provision for service, as in this case, Federal Rules of Civil Procedure 4(k)(1)(A) and 4(e)(1) limit personal jurisdiction to the forum state's long-arm statute. Tamburo v. Dworkin, 601 F.3d 693, 700 (7th Cir. 2010). The Delaware long-arm statute[2] "provides a statutory basis for the exercise of personal jurisdiction over any nonresident who transacts business or performs work in Delaware, contracts to supply services or things in Delaware, or causes tortious injury in Delaware." Eurofins Pharma US Holdings v. BioAlliance Pharma SA, 623 F.3d 147, 155 (3d Cir. 2010). The Supreme Court of Delaware has held that the Delaware long-arm statute "is to be broadly construed to confer jurisdiction to the maximum extent possible

under the Due Process Clause." Hercules Inc. v. Leu Trust & Banking (Bahamas) Ltd., 611 A.2d 476, 480-81 (Del. 1992).

The due process clause of the United States Constitution protects defendants from being haled into a court unless they have sufficient "minimum contacts" with the forum state such that the maintenance of the suit "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945) (quotation marks omitted). To establish such minimum contacts, the defendant must have "continuous and systematic business contacts" with the forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415-16 (1984). To determine whether the contacts of the defendant are sufficiently systematic and continuous, courts analyze the nature as well as the sustainability of the defendant's contacts with the forum state, whether the defendant sends agents into the forum state to conduct business, whether the defendant advertises or solicits business in the forum state, and whether the defendant has designated an agent for service of process in the forum state. See id. at 416-18.

Here, Stonecrafters is an Illinois corporation with its principal place of business in Illinois. The pleadings do not contain any allegations as to whether Stonecrafters sends agents into Delaware to conduct business, whether Stonecrafters advertises or solicits business in Delaware, and whether Stonecrafters has designated an agent for service of process in Delaware. Defendants offer no evidence or factual support for their position that Stonecrafters is subject to personal jurisdiction in the District of Delaware. As defendants have not established that Stonecrafters would have been subject to personal jurisdiction in the District of Delaware when this action was initiated, the court holds that transfer of the case to the District of Delaware is improper. Defendants' motion to transfer is therefore denied.

### B. Foxfire's Motion to Dismiss for Lack of Personal Jurisdiction

Foxfire filed a motion to dismiss the action for lack of personal jurisdiction, claiming that the Northern District of Illinois lacks either general or specific personal jurisdiction over Foxfire.

In diversity cases, such as this one, a federal court has personal jurisdiction over a defendant only if a court of the state in which it sits would have such jurisdiction. RAR Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1275 (7th Cir. 1997). The Illinois long-arm statute "permits its courts to exercise jurisdiction on any basis permitted by the Illinois and United States Constitutions." Hyatt Int'l Corp. v. Coco, 302 F.3d 707, 714 (7th Cir. 2002) (quotation marks omitted); see also 735 ILCS 5/2-209(c). "[I]n almost all cases, when federal due process concerns regarding personal jurisdiction are satisfied, so are Illinois due process concerns regarding personal jurisdiction." Keller v. Henderson, 359 Ill. App. 3d 605, 620 (2005). Because neither Foxfire nor plaintiff has made any contention that the analyses diverge in this case, it is necessary to evaluate only whether federal due process permits jurisdiction over Foxfire. See Hyatt Int'l, 302 F.3d at 715-16; Keller, 359 Ill. App. 3d at 620. In deciding whether the Federal Constitution permits the exercise of personal jurisdiction, this court is under no obligation to defer to Illinois state courts' interpretation of federal law. RAR, 107 F.3d at 1275-76. State court precedent is only persuasive authority with respect to issues of federal law. Id. at 1276. Thus, the court will look to the body of federal case law to resolve the issue of whether the Federal Constitution permits the exercise of personal jurisdiction in this case. The Seventh Circuit has held that a due process analysis with regard to general jurisdiction requires the court to consider: (1) whether Foxfire had "minimum contacts" with Illinois such that there was fair warning that it may be haled into court in Illinois; and (2) whether it is reasonable to require Foxfire to litigate in Illinois. Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945).

The first prong of the federal test for assertions of personal jurisdiction "requires that the defendant must have minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Hyatt Int'l, 302 F.3d at 716 (quotation marks omitted) (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). In order for personal jurisdiction to be reasonable and fair, a defendant must have purposefully availed itself of the privilege of conducting activities within the forum state,

| STATEMENT |
|---|

thus invoking the benefits and protections of its laws. Ashai Metal Indus. Co. v. Superior Court of Cal., Solano County, 480 U.S. 102, 109 (1987) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)). Thus, crucial to the minimum-contacts analysis is a showing that the defendant should reasonably anticipate being haled into court in the forum state because the defendant has purposefully availed itself of the privilege of conducting activities there. Int'l Shoe Co., 326 U.S. at 316. Defendants may be subject to either specific or general jurisdiction. RAR, 107 F.3d at 1277. General jurisdiction is for suits neither arising out of nor related to the defendant's contacts with the State, and it is permitted only where the defendant conducts continuous and systematic general business within the forum. Id. Specific jurisdiction, meanwhile, "refers to jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." Id.

Once a party moves to dismiss for lack of personal jurisdiction, the opposing party bears the burden of demonstrating the existence of jurisdiction. Jennings v. AC Hydraulic A/S, 383 F.3d 546, 548 (7th Cir. 2004). When the district court rules on a defendant's motion to dismiss based on the submission of written materials without the benefit of an evidentiary hearing, the plaintiff need only make out a prima facie case of personal jurisdiction. Purdue Research Found. v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782 (7th Cir. 2003). "In evaluating whether the prima facie standard has been satisfied, the plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." Id. (quotation marks omitted).

In this case, Foxfire contends that it has no contacts with Illinois that merit this court's specific or general jurisdiction over it. Plaintiff responds that this court has general jurisdiction over Foxfire because Foxfire has intentional and continuous contacts with Illinois such that the exercise of personal jurisdiction would satisfy the protections of the due process clause. Because plaintiff makes no argument that this court has specific jurisdiction over Foxfire, it is necessary to evaluate only whether this court has general jurisdiction.

In order to expose itself to the general jurisdiction of the courts of Illinois, Foxfire's contacts in Illinois must be intentional, continuous, and substantial rather than inadvertent, trivial, or sporadic; continue up to the time of suit; and evidence a purpose on the part of Foxfire to avail itself of the protection of the laws of Illinois. See Asset Allocation & Mgmt. Co. v. W. Emp'rs Ins. Co., 892 F.2d 566, 570 (7th Cir. 1989); Publ'ns Int'l, Ltd. v. Burke/Triolo, Inc., 121 F. Supp. 2d 1178, 1182 (N.D. Ill. 2000). In determining whether general jurisdiction exists, courts examine the following factors: (1) whether defendants maintain offices or employees in Illinois; (2) whether defendants send agents into Illinois to conduct business; (3) whether defendants advertise or solicit business in Illinois; (4) whether defendants have designated an agent for service of process in Illinois; and (5) the extent to which defendants conduct business in Illinois. Travelers Cas. & Sur. Co. v. Interclaim (Bermuda) Ltd., 304 F. Supp. 2d 1018, 1024 (N.D. Ill. 2004).

In support of its position that no general jurisdiction exists, Foxfire has submitted the affidavit of Frederick Light, Foxfire's Senior Vice President. Light's affidavit alleges facts as follows. Foxfire is a Delaware corporation with its principal place of business in Newark Delaware. Foxfire is not licensed to do business in Illinois and has no place of business, property, business records or employees in Illinois. Foxfire does not maintain a registered agent in Illinois for service of process, nor does it have a telephone number, mailing address or bank account in Illinois. Foxfire has never solicited, negotiated, taken delivery of or conducted any business with respect to the Hartford Policies in Illinois, and Foxfire paid the premiums on the Hartford Policies from its location in Delaware. Overall, Light states that Foxfire has never purposefully availed itself of the privileges or protections of the laws of Illinois. Based on these allegations of fact, Foxfire argues that it lacks the continuous, systematic or substantial contacts with Illinois necessary to be subject to general jurisdiction in the Northern District of Illinois.

Plaintiff asserts that Foxfire has maintained and currently maintains a substantial presence in Illinois, with total sales in Illinois of $1,629,764.94 from approximately 2,700 transactions between January 1, 2006 and May 31, 2011, representing 1.2% of Foxfire's gross sales for that period. In addition, plaintiff alleges facts as follows.

Foxfire negotiated with Lake Pacific Partners ("LPP"), an Illinois business, about making a large investment in Foxfire; conducted meetings with LPP representatives in both Illinois and Delaware; and executed a Letter of Intent with LPP with respect to the proposed investment. In addition, Foxfire representatives have traveled to Illinois frequently to conduct business and have been visited by Illinois businesses between 2006 and 2011. As a result of some of these meetings occurring in 2007, Foxfire made three purchases of equipment totaling over $1,000,000 in price and resulting in the execution of sales and maintenance contracts with an Illinois-based printing and finishing equipment manufacturer. Foxfire sales representatives made phone calls and sent email and fax solicitations to numerous Illinois businesses. Foxfire also maintained a website www.foxfireprinting.com with an "online store" that could be accessed by potential customers in any state, thereby allowing Illinois residents to purchase items and request quotes from Foxfire. Finally, Foxfire employed Barbara Clucas, who worked from her Chicago, Illinois residence from August 22, 2007 to January 11, 2008, generating $43,112.36 in aggregate sales for Foxfire. As a result, Foxfire paid Illinois sales taxes in 2007 and 2008 and filed Illinois corporate tax returns in 2008 and 2009.

Here, while Foxfire does not maintain an agent for service of process in Illinois, that factor is not determinative. See, e.g., N.H. Ins. Co. v. Green Dragon Trading Co., 1:08-cv-01326, 2008 WL 2477484, at *4 (N.D. Ill. Jun. 17, 2008); Cummings v. Club Mediterranee, S.A., 2002 WL 1379128, at *3-4 (N.D. Ill. Jun. 25, 2002). This court finds that plaintiff has made a prima facie showing that Foxfire did maintain an employee in Illinois for a period of time between 2007-2008; Foxfire has sent agents into Illinois to conduct business between 2006-2011; and that Foxfire does advertise or solicit business in Illinois by way of its website and phone calls, emails and faxes from Foxfire sales representatives. With respect to the final factor, the extent to which Foxfire conducts business in Illinois, the court finds that plaintiff has made a prima facie case that Foxfire conducts business in Illinois in a manner that is intentional and continuous as opposed to inadvertent and sporadic, and evidences an intent of Foxfire to avail itself of the protection of the laws of Illinois. Between January 1, 2006 and May 31, 2011, Foxfire's total sales in Illinois accounted for 1.2% of Foxfire's gross sales for this period. Both the Seventh Circuit and Illinois state courts have found that similar percentages of national sales are sufficient to establish that a company is doing business in Illinois for purposes of general jurisdiction. See, e.g., Michael J. Neuman & Assocs. Ltd. v. Florabelle Flowers, 15 F.3d 721, 724 (7th Cir. 1994) (company was doing business in Illinois where projected Illinois sales constituted 0.05%-1% of its national sales); Colletti v. Crudele, 169 Ill. App. 3d 1068, 1073, 1079 (1988) (company which derived between 0.04%-0.9% of its revenues from Illinois was doing business in Illinois, as "even $5,000 or $10,000 is a substantial amount from a number of perspectives, despite being a small percentage of a thriving company's revenues"). The court therefore concludes that Foxfire's contacts with Illinois, taken together, establish that Foxfire is subject to general jurisdiction in Illinois. Cf. Richter v. Instar Enters. Int'l, Inc., 594 F. Supp. 2d 1000, 1009-1010 (N.D. Ill. 2009).

The court has found that Foxfire's contacts with Illinois have been intentional and continuous, such that the exercise of personal jurisdiction over Foxfire would not offend traditional notions of fair play and substantial justice. To determine the reasonableness of jurisdiction under the second prong of the due process inquiry, whether it is reasonable to require Foxfire to litigate in Illinois, the court weighs five factors: (1) the burden on Foxfire; (2) the interests of Illinois; (3) Hartford's interest in obtaining relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of Illinois and other states in furthering fundamental substantive social policies. See Bombliss v. Cornelsen, 355 Ill. App. 3d 1107, 1115 (2005).

The court finds that the burden on Foxfire of litigating in this District is reasonable. Foxfire's directors, officers and employees travel to Illinois with some regularity to conduct business, and Foxfire is already litigating the Underlying Lawsuit in Illinois in this court. Indeed, Foxfire never challenged personal jurisdiction in Illinois in the Underlying Lawsuit. Colletti, 169 Ill. App. at 1080 n.6 (that the defendant consented to personal jurisdiction in related cases tips the balance in favor of personal jurisdiction in a close case). Illinois has an

| STATEMENT |
|---|

interest in the action in that whether the Hartford Policies provide coverage for the Underlying Lawsuit is of interest to Stonecrafters, an Illinois corporation, the plaintiff in the Underlying Lawsuit. Hartford has a substantial interest in obtaining a judgment that it has no duty to defend or indemnify Foxfire in the Underlying Lawsuit because insurance coverage goes to the core of its business, and this court has personal jurisdiction over both Foxfire and Stonecrafters. The interstate judicial system's interest in obtaining the most efficient resolution of controversies is furthered by jurisdiction in Illinois, as hearing both this case and the Underlying Lawsuit will conserve judicial resources to the extent of any overlap between the cases. Finally, the shared interest of Illinois and other states in furthering fundamental substantive social policies, such as, for example, facilitating the procurement and enforcement of child-support decrees where dependent children live in a state that cannot obtain personal jurisdiction over a defendant, is not directly applicable in this case. See Kulko v. Superior Court of Cal., 436 U.S. 84, 99 (1978).

The court therefore holds that it has general jurisdiction over Foxfire and Foxfire's motion to dismiss for lack of personal jurisdiction is denied.

### III. CONCLUSION

Defendants' motion to transfer is denied because the District of Delaware lacks personal jurisdiction over Stonecrafters. Foxfire's motion to dismiss for lack of personal jurisdiction is denied, as Foxfire is subject to general jurisdiction in the Northern District of Illinois because Foxfire had intentional and continuous contacts in Illinois such that the exercise of personal jurisdiction over Foxfire does not offend traditional notions of fair play and substantial justice.

---

1. In any event, the parties do not dispute that venue is proper in the Northern District of Illinois. Additionally, plaintiff does not appear to set forth any valid argument as to why venue is improper in the District of Delaware. Rather, plaintiff appears to conflate venue and personal jurisdiction, arguing that venue is improper in the District of Delaware because Stonecrafters is not subject to personal jurisdiction in the District of Delaware.

2. Del. Code Ann. tit. 10, § 3104(c) (2010) provides, in pertinent part, as follows:

> "(c) As to a cause of action brought by any person arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent:
>
> (1) Transacts any business or performs any character of work or service in the State;
> (2) Contracts to supply services or things in this State;
> (3) Causes tortious injury in the State by an act or omission of this State[.]"